UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDERICK C. CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | No.  3:13-cv-00458-DRH-DGW |
| | ) | |
| CONOCOPHILLIPS COMPANY | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendant. | ) | |

## COMPLAINT

### COUNT I
(42 USC §1981 and Title VII – Race Discrimination/Retaliation)

COMES NOW the Plaintiff, FREDERICK C. CARPENTER, by his undersigned attorney, and in support of Count I of his Complaint states:

1.      This matter is brought pursuant to 42 USC §1981 and Title VII of the Civil Rights Act of 1964 (as amended).

2.      This Court has jurisdiction over this matter pursuant to the Court's federal question jurisdiction, 28 USC §1331.

3.      Plaintiff is an individual who at all relevant times lived in and was a citizen of Edwardsville, Illinois, an area within the jurisdiction and venue of the federal court for the Southern District of Illinois.

4.      Defendant is a foreign corporation doing business in the State of Illinois.

5.      Plaintiff is an African American.

6.      Plaintiff was employed by defendant in southern Illinois as a Labor Relations Team Leader in Human Resources.

7.     Plaintiff in his capacity as a Labor Relations Team Leader became aware that defendant was engaging or had engaged in employment practices and employment decisions which were discriminatory to one or more African American employees.

8.     Plaintiff opposed the retaliatory and illegal discriminatory treatment engaged in by defendant's employees.

9.     After opposing racially discriminatory and illegal retaliatory treatment occurring at defendant's Roxana, Illinois location, which opposition included but was not limited to the writing an honest and blunt report identifying racially discriminatory practices that were occurring in defendant's southern Illinois facility, plaintiff was subjected to retaliation.

10.     In house legal counsel for Defendant stated that a report written by plaintiff identifying racially discriminatory treatment of an African American employee needed to be altered because the report was "discoverable" in litigation.

11.     Plaintiff wrote an honest and accurate report describing racially discriminatory treatment that occurred at defendant's Roxana, Illinois facility; the discriminatory treatment identified by plaintiff to defendant's managers included statistics that indicated that defendant's African American employees were subject to disparate treatment as regards discipline, including being subjected to more severe discipline than similarly situated white employees.

12.     Plaintiff in writing an honest and accurate report describing the racially discriminatory treatment at defendant's Roxana facility was opposing what plaintiff believed to be illegal racial discrimination.

2

13.     The retaliation defendant directed against plaintiff after plaintiff acted and spoke in opposition to illegal racial discrimination included but was not limited to altering plaintiff's "excellent" evaluation to a less favorable evaluation.

14.     The retaliation defendant directed against plaintiff included giving plaintiff a negative and unfair performance appraisal on or about February 7, 2011.

15.     Plaintiff was removed from defendant's Human Resources department, was deprived opportunities for advancement, was placed in a location where plaintiff would not have as immediate opportunity to observe racially discriminatory conduct, was given a less favorable evaluation; all of which retaliatory conduct amounts to adverse employment action for the purpose of retaliation in that the action(s) taken against plaintiff could well dissuade a reasonable employee of defendant from making or supporting a charge of discrimination or engaging in action(s) in opposition to illegal discrimination/retaliation.

16.     The result of giving a less favorable and inaccurate evaluation to an employee such as plaintiff, and removing plaintiff from his position in Human Resources, and in denying plaintiff opportunities for promotion or advancement in retaliation for opposing illegal racial discrimination/retaliation would be to decrease the likelihood that an employee would oppose said illegal discriminatory and retaliatory conduct.

17.     Plaintiff was subjected to harassment by being made the subject of a pretextual and unjust internal investigation in 2011; a false and dishonest claim was made against plaintiff alleging that plaintiff had acted improperly as regards the handling of an employee who had filed a discrimination claim.  The purpose of the false claim was to discredit plaintiff, damage

plaintiff's reputation with his employer, limit plaintiff's opportunities for advancement, and to punish plaintiff for opposing illegal discrimination.

18.     Plaintiff at all relevant times met and surpassed defendant's reasonable job expectations.

19.     White employees in defendant's Human Resource department who did not perform as well as plaintiff but who were willing to make false and inaccurate statements in an effort to hide and cover up illegal discriminatory treatment were treated more favorably as regards the terms and conditions of employment, opportunity for advance, and being given favorable evaluations than plaintiff who acted and spoke in opposition to illegal discriminatory conduct.

20.     Defendant made no effort to discipline a white manager who made false and defamatory statements about plaintiff and who sought to retaliate against plaintiff for plaintiff's opposition to illegal discrimination.

21.     In violation of 42 USC §1981 and Title VII of the Civil Rights Act of 1964 (as amended) defendant intentionally discriminated and retaliated against plaintiff.

22.     As a direct result of defendant's intentional race discrimination and intentional discrimination directed against plaintiff, plaintiff sustained damages.

23.     Plaintiff, who is a person of color and a member of a race protected by 42 USC §1981 and Title VII suffered an adverse employment action as a result of his race; he was given a pretextual performance evaluation and denied the same opportunities for advancement and promotion as was afforded by defendant to defendant's  white employees and employees who did not oppose illegal discrimination.

4

24.     Defendant intentionally discriminated and retaliated against plaintiff as regards the terms and conditions of plaintiff's employment with defendant on account of plaintiff's race, African American, and plaintiff's opposition to illegal discrimination.

25.     As a direct and proximate result of defendant's intentional and illegal race discrimination against plaintiff and defendant's illegal retaliation against plaintiff, plaintiff has suffered a loss of the full compensation, benefits, opportunities for advancement and other terms and benefits associated with plaintiff's employment which defendant would have made available to plaintiff but for plaintiff's protected status and activities.

26.     As a direct and proximate result of defendant's intentional and illegal race discrimination and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer embarrassment, emotional distress, pain and suffering and compensatory damages.

27.     Defendant's conduct in intentionally discriminating and intentionally retaliating against plaintiff on account of his race and his opposition to illegal discrimination was motivated by an evil intent or engaged in said illegal conduct in a manner so callously indifferent to plaintiff's rights that significant punitive damages are warranted.

28.     42 USC §1981 and Title VII of the Civil Rights Act permits the award of reasonable attorneys' fees; pursuant to 42 USC §1981 and Title VII of the Civil Rights Act plaintiff respectfully requests that the Court order defendant to pay all reasonable  costs, expenses, and attorneys' fees incurred as a result of pursuing this matter.

29.     The discriminatory and retaliatory acts alleged herein occurred in the judicial district known as the United Stated District Court for the Southern District of Illinois.

30.     Prior to filing suit pursuant to Title VII plaintiff filed charges of discrimination with the EEOC and the IDHR.   The EEOC has issued one or more notices of right to sue and suit is filed with this Court within 90 days of plaintiff's receipt of the relevant notice(s) of right to sue.

WHEREFORE, Plaintiff respectfully requests that this Court as to Count I:

A.     Enjoin defendant from violating 42 USC §1981 and Title VII;

B.     Declare the acts of defendant to be illegal violation(s) of 42 USC §1981 and Title VII;

C.     Award plaintiff lost wages and benefits, and other compensation proximately caused by defendant's illegal discriminatory conduct and decisions;

D.     Award plaintiff compensatory damages in excess of $75,000.00;

E.     Award punitive demands in excess of $75,000;

F.     Award plaintiff his reasonable costs, expenses, expert fees and attorney's fees; and

G.     Award such other and additional relief as this Court deems proper and just.

**COUNT II**
(Illinois Whistleblower Act – 740 ILCS 174/1)

COMES NOW the Plaintiff, FREDERICK C. CARPENTER, by his undersigned attorney, and in support of Count II of his Complaint states:

1.     This matter is brought pursuant to the Illinois Whistleblower Act, 740 ILCS 174/1 et. seq.

2.     This Court has jurisdiction over this matter pendent to and supplemental to this Court's federal question jurisdiction, 28 USC §1331, over Count I.

3.     Plaintiff is an individual who at all relevant times lived in and was a citizen of Edwardsville, Illinois, an area within the jurisdiction and venue of the federal court for the Southern District of Illinois.

4.     Defendant is a foreign corporation doing business in the State of Illinois.

5.     Plaintiff is an African American.

6.     Plaintiff was employed by defendant in southern Illinois as a Labor Relations Team Leader in Human Resources.

7.     Plaintiff in his capacity as a Labor Relations Team Leader became aware that defendant was engaging or had engaged in employment practices and employment decisions which were discriminatory to one or more African American employees.

8.     Plaintiff opposed the retaliatory and illegal discriminatory treatment engaged in by defendant's employees.

9.      The Illinois Whistleblower Act at 740 ILCS 174/15 prohibits retaliation for disclosing certain illegal acts.  174/15 reads:

　 (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

　 (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

10.    Consistent with 740 ILCS 174/15 plaintiff disclosed to the Illinois Human Rights Commission and the EEOC information plaintiff had reasonable cause to believe was information that disclosed violation(s) of State or federal law, rule, or regulation.   The disclosure of said information was in the nature of charges filed with said agencies all of which charges are in the possession of defendant and known to defendant.

11.    Section 20 of the Illinois Whistleblower act provides as follows:

Sec. 20. Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act.

12.    Consistent with 740 ILCS 174/20 plaintiff refused to participate in defendant's efforts to alter and modify documents which documents indicated that defendant has engaged in the discriminatory treatment of one or more African American employees.

13.    After disclosing to State and federal agencies the information plaintiff had cause to believe demonstrated violations of State and/or federal law, rule and regulation, and/or after plaintiff refused to participate in one or more activities that would result in a violation of a State or federal law , rule or regulation, defendant discriminated against plaintiff.

14.    The discrimination defendant directed against plaintiff after plaintiff acted and spoke consistent with the protections found in 740 ILCS 174/15 and 740 ILCS 174/20 included but was not limited to altering plaintiff's "excellent" evaluation to a less favorable evaluation.

15.    The discrimination defendant directed against plaintiff after plaintiff acted and spoke consistent with the protections found in 740 ILCS 174/15 and 740 ILCS 174/20 included giving plaintiff a negative and unfair performance appraisal on or about February 7, 2011.

8

16.     In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff was removed from defendant's Human Resources department, was deprived opportunities for advancement, was placed in a location where plaintiff would not have as immediate opportunity to observe racially discriminatory conduct, was given a less favorable evaluation.

17.     In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff was subjected to harassment by being made the subject of a pretextual and unjust internal investigation in 2011; a false and dishonest claim was made against plaintiff alleging that plaintiff had acted improperly as regards the handling of an employee who had filed a discrimination claim.  The purpose of the false claim was to discredit plaintiff, damage plaintiff's reputation with his employer, limit plaintiff's opportunities for advancement, and to punish plaintiff for engaging in conduct described as protected conduct in In violation of 740 ILCS 174/15 and 740 ILCS 174/20.

18.     Plaintiff at all relevant times met and surpassed defendant's reasonable job expectations.

19.     As a direct result of defendant's violations of In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff sustained damages.

20.     As a direct and proximate result of defendant's violations of In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff has suffered a loss of the full compensation, benefits, opportunities for advancement and other terms and benefits associated with plaintiff's employment which defendant would have made available to plaintiff but for plaintiff's protected status and activities.

21.     As a direct and proximate result of defendant's violations of In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff has suffered and continues to suffer embarrassment, emotional distress, pain and suffering and compensatory damages.

22.     Pursuant to 740 ILCS 174/1 et. seq. plaintiff respectfully requests that the Court order defendant to pay all reasonable costs, expenses, and attorneys' fees incurred as a result of pursuing this matter.

WHEREFORE, Plaintiff respectfully requests that this Court as to Count II:

    A.     Enjoin defendant from violating In violation of 740 ILCS 174/15 and 740 ILCS 174/20;

    B.     Declare the acts of defendant to be illegal violation(s) of In violation of 740 ILCS 174/15 and 740 ILCS 174/20 plaintiff ;

    C.     Award plaintiff lost wages and benefits, and other compensation proximately caused by defendant's illegal discriminatory conduct and decisions;

    D.     Award plaintiff compensatory damages in excess of $75,000.00;

    E.     Award plaintiff his reasonable costs, expenses, expert fees and attorney's fees; and

    F.     Award such other and additional relief as this Court deems proper and just.

FREDERICK CARPENTER


By:      */s/ Lee W. Barron*
         Lee W. Barron (IL #06195132)
         112 Front Street
         Alton, IL 62002
         Phone: (618) 462-9160
         Fax: (618) 462-9167
         E-mail: lee@leebarronlaw.com

         ATTORNEY FOR PLAINTIFF